# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ALVIN WIGGINS, |
| Plaintiff, |
| v. |
| HON. POSTMASTER GENERAL MEGAN BRENNAN, |
| Defendant. |

Case No. 17-cv-2779 (CRC)

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Alvin Wiggins filed suit against the Postmaster General, Megan Brennan, in D.C. small claims court, alleging that the U.S. Post Office failed to deliver a letter that contained ten $100 bills.[1] The government removed the case to federal court under 28 U.S.C. § 1442(a)(1), which permits removal of suits against federal officers. It then filed a motion to dismiss the case in lieu of an answer, arguing that Mr. Wiggins failed to exhaust his administrative remedies. The Court will grant the government's motion.

The government has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). When analyzing a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), "[t]he court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor, but is not required to accept the plaintiff's legal conclusions as correct." Sissel v. U.S. Dep't of Health & Human Servs., 760 F.3d 1, 4 (D.C. Cir. 2014) (Rule 12(b)(6)); see also Jerome Stevens Pharm., Inc. v.

---

[1] In a declaration attached to the government's motion to dismiss, Anthony Prisco, the Manager for Consumer Relations Field Operations at the Postal Service, attests that the Service's records indicate that the letter was in fact delivered: it was signed for by an authorized recipient on July 21, 2017. Decl. of Anthony Prisco. ¶ 4.

FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (Rule 12(b)(1)). With respect to a motion under Rule 12(b)(1), the Court may look to materials outside the pleadings when deciding the motion. Jerome Stevens Pharma., 402 F.3d at 1253. For a motion under Rule 12(b)(6), however, the Court may consider only the facts in the complaint, any documents attached to or incorporated into the complaint, and matters of which the Court may take judicial notice. See, e.g., EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). Failure to exhaust administrative remedies is an affirmative defense and, as such, the burden is on the defendant to prove such failure. See, e.g., Rosier v. Holder, 833 F. Supp. 2d 1, 6 (D.D.C. 2011).

While Mr. Wiggins' complaint is not perfectly clear, the Court construes it as reasonably raising one of two possible claims: a breach of contract claim or a tort claim. To the extent that Mr. Wiggins alleges a tort claim, he was required to exhaust his remedies pursuant to the Federal Tort Claims Act, which provides a limited waiver of sovereign immunity for certain tort claims against the United States. See, e.g., Evans v. U.S. Patent & Trademark Office, 238 F. Supp. 3d 4, 5 (D.D.C. 2017). If a plaintiff fails to properly exhaust his remedies, the Court lacks jurisdiction over his subsequent tort claims. See, e.g., id.

In order to properly exhaust his remedies under the Federal Tort Claims Act, Mr. Wiggins was required to submit a written statement of his claim to the Postal Service, including a claim for a specific amount of damages, and wait at least six months or until the agency acted on the claim to bring suit. See 28 U.S.C. § 2675. According to a sworn declaration from Kimberly Herbst, a Supervisor in the Postal Service's National Tort Center, her search of the relevant databases of tort claims revealed no such complaints filed by Mr. Wiggins. Decl. of

Kimberly A. Herbst ¶¶ 4, 6.[2] Mr. Wiggins presents no contrary evidence. Consequently, he has not exhausted his remedies under the Federal Tort Claims Act, and the Court lacks jurisdiction over any tort claim he raises against the Postal Service.

If, instead, Mr. Wiggins intends to allege a breach of contract claim, he was still required to pursue the proper administrative remedies prior to bringing suit. While the laws and regulations of the Postal Service do not expressly require exhaustion of remedies for contract claims, other courts have held that in light of the general doctrine of exhaustion of administrative remedies and the discussion of an administrative complaint procedure in the Postal Service's manuals, a plaintiff is required to follow the administrative complaint procedure prior to bringing a breach of contract claim. See, e.g., Ly v. U.S. Postal Serv., 775 F. Supp. 2d 9, 12 (D.D.C. 2011); Simat v. U.S. Postal Serv., 218 F. Supp. 2d 365, 365 (S.D.N.Y. 2002).

Under the Domestic Mail Manual, an individual must first file a claim with the Postal Service no later than 60 days after the date of mailing. Decl. of Anthony Prisco ¶ 8. An appeal of any decision made on this claim must be filed within 30 days of the date of the original decision, and a final appeal filed within 30 days of the appeal decision. Id. According to a declaration filed by Anthony Prisco, the Manager for Consumer Relations Field Operations at the Postal Service, Mr. Wiggins filed a claim on October 5, 2017, more than 60 days after mailing. Id. ¶ 5.[3] Despite it being untimely, the Postal Service nonetheless processed Mr. Wiggins' claim,

---

[2] Since failure to exhaust remedies under the Federal Tort Claims Act is jurisdictional, the government's motion to dismiss any tort claim is properly understood as one under Rule 12(b)(1) and the Court may look to materials outside the complaint.

[3] To the extent this aspect of the Postal Service's motion is made under Rule 12(b)(6), the Court may permissibly look to these materials without converting the motion to one for summary judgment because, since they concern exhaustion of administrative remedies, the materials are

3

issuing a decision on October 13, 2017 and advising Mr. Wiggins of his right to appeal the decision within 30 days.  Id.  Mr. Wiggins did so, and received an adverse appeal decision on November 21, 2017, which advised him that he could submit a final appeal.  Id.[4]  Mr. Wiggins did not file a final appeal.  Id.  As such, Mr. Wiggins began but did not complete the administrative process.  This failure to complete the process means he did not exhaust his administrative remedies.  He presents no arguments as to why such failure should be excused, and the Court will thus dismiss any breach of contract claim he brings.

Because Mr. Wiggins has failed to exhaust either of the two possible claims he brings—a breach of contract or a tort claim—the Court will grant the Postal Service's motion to dismiss the case.  A separate Order shall accompany this Opinion.[5]

<br>

CHRISTOPHER R. COOPER
United States District Judge

Date:  April 13, 2018

---

central to Mr. Wiggins' claim.  See, e.g., Charles v. District of Columbia, 164 F. Supp. 3d 98, 101 n.2 (D.D.C. 2016), aff'd, 690 F. App'x 14 (D.C. Cir. 2017).

[4] According to Mr. Prisco, this appeal also explained that the letter was delivered according to the Postal Service's records, which show that an authorized recipient signed for it.  Decl. of Anthony Prisco ¶ 5.  Mr. Wiggins was also advised that the maximum indemnity—and thus the maximum amount he could obtain—for failure to deliver currency was $15.00.  Id. ¶¶ 5, 9.

[5] By separate Order, the Court will also dismiss case no. 18-cv-195, a duplicative civil action that Mr. Wiggins has filed in this Court.